Christian Johnson, Appellee, v. Paul F. P. Mueller, Appellant.

Gen. No. 20,281.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WIL-
LIAM E. DEVER, Judge, presiding. Heard in this court at the March
term, 1914. Reversed and remanded. Opinion filed April 26, 1915.

### Statement of the Case.

Action brought by Christian Johnson, plaintiff, against Paul F. P. Mueller, defendant, in the Superior Court of Cook county for damages for personal injuries.

Plaintiff, a carpenter, was employed by defendant in the work of constructing temporary framework for the cement used in the construction and erection of a building called the Steele-Wedeles building, at the north end of the Dearborn Street Bridge in Chicago. The construction proceeded in this manner: Upright steel columns were erected and these were connected by steel crossbeams; both columns and beams were then covered with cement, and to do this wooden boxes were constructed around the columns and beams, and into these boxes the wet cement poured, and after it had hardened the temporary wooden boxes or coverings were removed. The boxes were simply molds into which the plastic cement was poured. That the boxes around the beams might not sag when the cement was poured into them, temporary wooden uprights, called shores, were placed under them. These shores were planks, usually about two by ten inches and about seven and one-half feet long. Across the top was nailed a crosspiece, giving the shore somewhat a T shape, and when the shore was placed in position it was fastened by driving tenpenny nails through these crosspieces up into the bottom of the box. Ordinarily

when thus nailed the lower end of the shore would stand about two or three inches clear of the floor, and wedges would be driven into this space so as to make the shores firm ·and to secure the proper levels. These shores were set six or seven feet apart, about three under one beam.

Plaintiff alleged that while engaged in wedging the shores which had already been placed in position under the boxes by the defendant, a shore near by, so placed in position by defendant but through negligence not nailed to the box overhead, fell and struck plaintiff, inflicting injuries.

Judgment of three thousand dollars for plaintiff and defendant appeals.

BRUNDAGE, LANDON & HOLT, for appellant; ROBERT N. HOLT, of counsel.

ALEXANDER H. HEYMAN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 683*—*when evidence insufficient to show negligence.* Where in an action for personal injuries there was evidence that a shore or support fell and struck the plaintiff, an employee of the defendant, but it did not appear where it fell from or where it was standing before it fell or that at the time of the accident it was being used by the defendant, and there was evidence that the plaintiff before using shores had been in the habit of leaning them against upright columns, although warned not to do so, and a witness for the defense testified that the plank which struck the plaintiff "was an upright leaning against another upright," the evidence was insufficient to support plaintiff's claim that it fell because it had not been nailed.

2. MASTER AND SERVANT, § 584*—*when doctrine of res ipsa loquitur inapplicable.* In an action for damages by a servant against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

424    APPELLATE COURTS OF ILLINOIS.

the master for injuries received from a falling shore, the single fact that the plaintiff was struck by a falling shore is not sufficient to show the negligence of the defendant.

3. MASTER AND SERVANT, § 127*—*what is duty as to safe place where conditions are changing.* It is the duty of the master to use reasonable care to furnish a reasonably safe place to work, even where the conditions are changing from time to time during the performance of the work.

4. MASTER AND SERVANT, § 833*—*when modification of instruction harmless.* It is not prejudicial error for the trial court to modify an instruction on assumption of risk offered by the defendant in an action of negligence by striking out the words, "and the law presumes plaintiff charged for such risks," where these words merely repeat essentially what was already contained in the instruction, namely, that plaintiff "contracted with reference to" such risks.

5. LIMITATION OF ACTIONS, § 58*—*when additional count not barred.* A demurrer to a plea of the statute of limitations to an additional count filed after verdict is properly sustained where the additional count set up the same cause of action originally declared on.